IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAMILO RODRIGUEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  CIVIL NO. 06-107-MJR |
| | ) |
| **TOM W. WEGER,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is legally frivolous and thus subject to summary dismissal.

Plaintiff states that five months prior to his arrival at Robinson, he suffered a serious toe injury at the Vienna Correctional Center; corrective surgery was performed at Vienna. Although he was initially assigned a low bunk at Robinson, an unspecified officer reassigned him to a top bunk, even though Plaintiff still wore a cast. Plaintiff filed this action against the warden at Robinson, alleging that Warden Weger is responsible for the actions of this unspecified officer who changed his bunk assignment.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996). However,

> [t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez*, 251 F.3d at 651 (quotation omitted); *see also Wolf-Lillie*, 699 F.2d at 869 ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault."). A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Chavez*, 251 F.3d at 652. This definition recognizes that the individual does not have to have participated directly in the deprivation. *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted). Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates. *See Chavez*, 251 F.3d at 651. ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what

>they might see.").

*Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

In this case, Plaintiff does not allege that Weger had any personal involvement in the decision regarding Plaintiff's bunk assignment. The only indication that Weger even had knowledge of the situation is Weger's signature on the response to Plaintiff's grievance; by that time, it appears that Plaintiff had regained his low-bunk permit. Therefore, the Court cannot find that Weger is liable for Plaintiff's temporary assignment to an upper bunk.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 9th day of June, 2006.**

>**s/ Michael J. Reagan**
>**MICHAEL J. REAGAN**
>**United States District Judge**